### Robert D. FRANKLIN, Plaintiff–Appellant,

v.

### John HENSON, Sheriff; Wendell Treadway; Carter County Tennessee, Defendants–Appellees.

No. 02–5075.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 2002.

Before: NELSON, BOGGS, and NORRIS, Circuit Judges.

### ORDER

Robert D. Franklin appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Franklin primarily alleged that the defendants violated the Eighth Amendment while he was incarcerated in a Tennessee county jail, by forcing him to share a cell with inmates who smoked for approximately seven days in October of 1999. The district court found that the defendants had not been deliberately indifferent to any serious health risk that Franklin may have incurred by being exposed to environmental tobacco smoke ("ETS"). Thus, the court awarded summary judgment to the defendants on December 17, 2001. It is from this judgment that Franklin now appeals.

Initially, we note that some of Franklin's allegations involve his prior incarceration at the jail in May of 1998. However, Franklin did not file his current complaint until September of 2000, and any claim arising from his prior incarceration would be barred by the applicable one-year statute of limitations. *See Sevier v. Turner,* 742 F.2d 262, 272 (6th Cir.1984). In addition, Franklin now argues that the defendants violated the Ninth Amendment and the Clean Air Act. These claims were not clearly raised in his complaint, and we will not reach them for the first time on appeal. *See Peveler v. United States,* 269 F.3d 693, 700 (6th Cir.2001).

We review an award of summary judgment *de novo. Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate if there is no genuine issue as to any material fact and the

moving party is entitled to judgment as a matter of law. *Id.*

Franklin's Eighth Amendment claim requires a showing that he was exposed to a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It also requires a showing that the defendants acted with deliberate indifference or recklessness, that was more than mere negligence. *See id.* at 834–37, 114 S.Ct. 1970. Thus, Franklin must show that the defendants "have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In this context, deliberate indifference is "determined in light of the prison authorities' current attitudes and conduct." *Id.* at 36, 113 S.Ct. 2475.

Franklin was incarcerated at the jail for less than a week in October of 1999. His deposition indicates that he was not diagnosed with an allergy to cigarette smoke, that he did not advise the jail's intake officer that he might have such an allergy, and that he was examined by a nurse when he complained of respiratory problems at the jail. Indeed, Franklin signed the nurse's report, which indicates that his lungs were clear bilaterally and that he was in no acute distress. Moreover, the defendants' depositions indicate that the jail has now adopted a no-smoking policy. Under these circumstances, we conclude that the district court properly awarded summary judgment to the defendants on Franklin's claim. *See id.; Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir.1995).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.